Judge Underwood
delivered the opinion of the Court.
The only question of importance, presented, relates to the validity of the entry, for 2,000 acres in the name of David Leitch, under which the appellants claim. It calls to be on the north side of Salt river, onthe first creek emptying in, about twenty poles below the ford at Froman’s trace, adjoining his entry of 14,000 acres, on the said creek, on the lower side, the whole length of of his lower line; thence to run down the said creek, and on both sides, to the ■ mouth thereof, to include the quantity; “and bears date, November 17th. 1783.”
David Leitch’s entry of 14,000 acres, bearing date 19th. December, 1782, calls to lie “on the first creek that comes into Salt river, on the north side, about twenty poles below the ford at Froman’s trace, to begin on the creek, four hundred and seventy poles above the mouth; running thence out from the creek on both sides, such a distance, as that lines, to run up on both sides, from the ends of the said line, will in-circle all the branches of the said creek, above the *345 first méntioned lines; and thence to continue the courses, beyond the head of the creek, for quantity.”
If these entries cannot be sustained, (and the circuit court so decided) the appellants mu^t fail in this court, as they did in the inferior court.
Without entering into a long .and minute detail of the facts proved by the depositions, and accompanying them- with a tedious comment, we deem it sufficient to state, that the result of our investigation is, that the call for the ford on Salí river, at the crossing of Froman,s trace, (for so both entries must be understood) has not been established by the proof. To render either entry valid, it was essential to shew that Fro-man's trace was notorious at the date of the entry; and that it crossed Salt river, at the place assumed by the appellants.
There are several depositions, which conduce to a belief, that such was the case; but the evidence on the other side, in our opinion, preponderates, showing that the trace, crossing at the ford, assumed by the appellants, was notorious as Cox’s trace, at the date of the entries; and that the trace, called and known as Froman’s trace, at that day, crossed Salt river at two points, below the mouth of Floyd’s fork.
There is a creek running into Salt river; about half a mile below the lowest crossing of Froman’s trace, spoken of by the witnesses. But for the extent of the distance from this creek to the ford, it would correspond with the calls of the entry. M‘Cullock’s run, assumed by the appellants, as the creek intended, is also much farther below the ford, than the twenty poles stated in the entry.
A subsequent locator was not bound to reject the creek first putting into the river below the lowest crossing of Froman’s trace, because the distance did not approximate to that called for in the entry; and then to respect the creek or run, putting in below Cox’s trace, because it more nearly corresponded with the distance called for. If there were two or more traces, and crossings, notorious as Froman’s, it was the duty of Leitch to point out certainly, which he *346 intended. His failure io do if, would render hie entry void for uncertainty. "
Haggin, for appellants; C. A. Wichliffe, for appel-lees.
We concur with the circuit court.
Decree affirmed with costs.